UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY BRIGGS, and <br> SAMUEL PARKS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ST. LOUIS, MISSOURI, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )   Case No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COME NOW Plaintiffs, KIMBERLY PARKS and SAMUEL PARKS, by and through their attorney, Nathan S. Cohen, and for their Complaint against Defendant CITY OF ST. LOUIS, alleges and states as follows:

1. Plaintiffs, individually and on behalf of Sean D. Parks (decedent), now bring claims against the above-named Defendant for violations of Sean D. Parks's rights as secured by the Constitution of the United States of America, cognizable pursuant to 42 U.S.C. §§ 1983 and 1988, and Missouri state law, including state law claims for negligence, negligence per se, and wrongful death. Further, Plaintiffs, individually and on behalf of Sean D. Parks (decedent), bring claims against Defendant City of St. Louis, Missouri and certain St. Louis City Justice Center officers and officials under theories of municipal liability (*"Monell"* liability), for maintaining unconstitutional policies, practices, and customs, as well as for failures to train, supervise, and/or discipline its employees.

## JURISDICTION AND VENUE

2. Jurisdiction is proper to this Court, pursuant to 28 U.S.C. §§ 1331 and 1343, which provides this Court with original jurisdiction over cases and controversies raising federal questions and claims. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367.

3. Venue is proper to this Court as the incidents and events giving rise to Plaintiffs' claims arose and occurred within the City of St. Louis County, Missouri, and thereby within the geographical boundaries of the Eastern District of Missouri.

## PARTIES

4. Plaintiff KIMBERLY BRIGGS (hereinafter "Plaintiff Briggs") is and was, at all times relevant hereto, a citizen of the United States of America and a resident of the State of Missouri. Further, Plaintiff Briggs is a biological parent and mother of Sean D. Parks (hereinafter "Decedent Parks") and, therefore, an appropriate party to bring this action for wrongful death, pursuant to 537.080, Mo. Rev. Stat.

5. Plaintiff SAMUEL PARKS (hereinafter "Plaintiff Parks") is and was, at all times relevant hereto, a citizen of the United States of America and a resident of the State of Missouri. Further, Plaintiff Briggs is a biological sibling and brother of Decedent Parks and, therefore, an appropriate party to bring this action for wrongful death, pursuant to 537.080, Mo. Rev. Stat.

6. Defendant CITY OF ST. LOUIS, MISSOURI (hereinafter "Defendant" or "City of St. Louis") is a body politic, municipal corporation, and/or political subdivision of the State of Missouri, organized and existing pursuant to Article VI § 1 of the Missouri Constitution and state law. Defendant City of St. Louis operates the St. Louis City Justice Center (hereinafter "Justice

Center") through its Division of Corrections and provides healthcare services to inmates of the Justice Center. Upon information and belief, Defendant, by and through its mayor, is charged with the duty of running and administering the Justice Center with the ultimate responsibility of enforcing the rules and regulations of the Justice Center, and has final say over decisions regarding the Justice Center employees and staff, including training and supervision. In that capacity, Defendant City of St. Louis was obligated to train and to properly supervise, direct, and control the institutional personnel, as well as medical and nursing personnel, of the Justice Center.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This is a civil action seeking money damages against Defendant City of St. Louis for the acts of its personnel, employees, and other members of the City Justice Center under color of state law, which deprived Decedent Parks of rights secured to him under the Constitution of the United States of America and other laws of the United States. In addition, Defendant conspired to deprive Decedent Parks of those rights with the purpose of impeding and hindering the due course of justice, with the intent to deny Decedent Parks the protection of the Constitution and other laws by denying him of his liberty; and for refusing, failing or neglecting to prevent such deprivations or denials to Decedent Parks by wrongfully

8. At all relevant times herein, Defendant, acting under color of law, materially participated in establishing policies and guidelines to train, supervise, direct, and control all of the institutional, medical, and nursing personnel of the Justice Center, and Defendant was the sole and final corporate decision making authority over all policies and procedures concerning the running of the City Justice Center, including, but not limited to, the services, policies, procedures, governance, custody, and control of inmates.

9. Defendant City of St. Louis's training practices as they relate to their personnel, employees, and other members of the Justice Center are inadequate by reason of the fact that said personnel, employees, and other members of the Justice Center were not provided adequate training to implement the duty of care owed to inmates in the execution of their duties.

10. Plaintiffs assert that Defendant's actions in failing to establish or otherwise implement or train, instruct, or supervise or control and discipline the personnel, employees, and other members of the Justice Center was so reckless that their failure is either done deliberately or with a conscious disregard for the inmates of the St. Louis City Justice Center.

11. Each and all of the acts of Defendant, as well as the acts of other personnel, employees and other members of the Justice Center, were made under color and pretense of the statues of the State of Missouri and the regulations, practices, customs, and usages of the City of St. Louis and the Justice Center.

## FACTS OF OCCURRENCE

12. On or about December 10, 2019, Sean D. Parks ("Decedent Parks") was arrested, taken into custody, and placed at the Justice Center.

13. On December 13, 2019 at approximately 1:30 a.m., Decedent Parks was conveyed to St. Louis University Hospital for severe dehydration. Thereafter, at approximately 9:25 a.m., Decedent Parks was returned to the Justice Center.

14. On December 14, 2019 at approximately 6:00 p.m., Justice Center employee, Demeria Thomas, conducted a cell check on Decedent Parks and noticed that he was lying on the floor. Shortly after 6:00 p.m. on December 14th, Demeria Thomas notified a nurse on duty and her supervisors.

16.     Emergency medical services responded and arrived at the scene and pronounced Sean D. Parks deceased.

## COUNT I - FOR WRONGFUL DEATH

Plaintiffs, KIMBERLY PARKS and SAMUEL PARKS, by and through their attorney, Nathan S. Cohen, for Count I of their Complaint against Defendant, allege and state as follows

17.     Plaintiffs reallege and restate each and every averment contained in paragraphs 1 through 16 of this Complaint as if more fully set forth herein.

18.     Defendant, in its failure to properly care for Decedent Parks, violated duties owed to Decedent Parks to confine him in a careful and prudent manner and to exercise the highest degree of care while holding him in custody.

19.     At all times relevant herein, Defendant, through its administration of the Justice Center, failed to exercise the highest degree of care in the operation of confining Decedent Parks and is thereby negligent in one or more of the following respects:

      a.     By failing to notify Demeria Thomas that Decedent Parks was conveyed to St. Louis University Hospital on December 13, 2019 for extreme dehydration;

      b.     By providing insufficient medical coverage for inmates by failing to properly staff and monitor inmates with illnesses through proper care;

      c.     By failing to properly train medical and nursing personnel to the medical needs of inmates and how to treat inmates suffering from obvious medical conditions noticeable to the ordinary person and to medical staff trained to identify medical needs of inmates;

      d.     By failing to appropriately monitor the health of an inmate having only been returned from the hospital less than 24 hours and leaving an inmate alone and unattended when

5

medical care was necessitated by providing belated or untimely treatment and care, both onsite and offsite;

  e. By delegating inmate care to personnel who are neither qualified or licensed independently to make such determinations;

  f. By failing to train its staff to recognize and monitor medical emergencies relating to the inmates in their care, by delay or non-response to both urgent and debilitating conditions and, in this particular instance, its failure to appropriately monitor an inmate who had just been hospitalized;

  g. By failure to assure sufficient staff to handle the inmate population and to identify and assist inmates that are ill or have medical issues;

  h. By failing to follow the proper procedures established by the City and its subordinates in the administration of the Justice Center;

  i. By failing to appropriately follow up with the discharge instructions provided by St. Louis University Hospital.

20. For these actions and failures to act on the part of Defendant, Defendant acted with deliberate indifference to Decedent Parks's medical needs, which were urgent and apparent.

21. By these actions and omissions on the part of Defendant, Decedent Parks endured injury, pain, suffering, discomfort, and anguish prior to his death and ultimately suffered his death.

22. Decedent Parks suffered from unnecessary, wanton infliction of pain and eventual death because of the clear and deliberate indifference to the serious medical needs exhibited, needs which were apparent and required Defendant to protect him and to meet his needs.

22. Defendant City of St. Louis was on notice that the administration of its Justice Center was deficient and insufficient to meet the needs of inmates, let alone inmates that present with medical conditions and needs.

22. Between 2009 and 2019 (the year of Sean D. Parks's death), the Justice Center saw ten inmates die while in the custody of the Justice Center, not including an additional seven who died in the "City work house."

23. Defendant, having been placed on notice by this series of inmate deaths, should have taken appropriate measures to care for inmates in their custody.

24. As a result of Defendant's failure, Decedent Parks met an untimely, avoidable death.

25. Defendant's failure to address systemic deficiencies associated with its Justice Center were the product of Defendant's failure to administer policies and procedures, practices, and customs that were properly house inmates that were awaiting trial and/or charges.

26. Over seventeen inmates' deaths in the City's jails constitute a conscious disregard and a deliberate indifference on the part of Defendant, entitling Plaintiffs to punitive damages to deter Defendant and others from similar or like conduct.

27. Plaintiffs are entitled to prejudgment interest pursuant to Section 408.040 RSMo.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant CITY OF ST. LOUIS, MISSOURI, in an amount that is fair and reasonable to compensate Plaintiffs for their damages, but, in any event, no less than $25,000.00, and further request that the additionally be seen by the court to just and premises by awarding Plaintiffs punitive damages in an amount sufficient to deter such conduct in the future.

## COUNT II - §1983

Plaintiffs, KIMBERLY BRIGGS and SAMUEL PARKS, by and through their attorney, Nathan S. Cohen, for Count II of their Complaint against Defendant, allege and state to the court as follows:

28. Plaintiffs reallege and restate each and every averment contained in paragraphs 1 through 27 of their Complaint as if more fully set forth herein.

29. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth and Eighth Amendments to the United States Constitution made applicable to the citizens of the State of Missouri pursuant to the Fourteenth Amendment by the failure of the City to properly deprive Decedent Parks of his rights under the Fourth Amendment in that he was denied both liberty and life without the due process of law.

30. The actions of Defendant violated Decedent's Parks's rights pursuant to the Eighth Amendment by the administration of the conduct which amounted to cruel and unusual punishment.

31. The actions taken by Defendant were under color of law and taken to willfully deprive Decedent Parks of his rights and privileges protected by the Constitution and laws of the United States.

WHEREFORE, Plaintiffs pray for judgment against Defendant CITY OF ST. LOUIS, MISSOURI for violation of Sean D. Parks's rights pursuant to 42 USC §1983 for compensatory damages in the amount of $500,000.00, and for punitive damages in the amount of $1,000,000.00, and for attorney's fees and costs associated with this action, and for such other and further orders this court deems just and proper in the premises.

                                      LAW OFFICE OF NATHAN S. COHEN

By:    /s/ Nathan S. Cohen
        Nathan S. Cohen, #36072
        Attorney for Plaintiffs
        210 South Bemiston Avenue
        St. Louis, MO 63105
        (314) 727-6088 - Telephone
        (314) 727-6081 - Facsimile
        nathan@nathanscohen.com