UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY F. BRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:22 CV 282 DDN |
| | ) | |
| CITY OF ST. LOUIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the joint motion of defendants City of St. Louis, Tishaura Jones, and Jennifer Clemons-Abdullah to dismiss both counts of plaintiff Kimberley F. Briggs's second amended complaint (Doc. 16) under Federal Rule of Civil Procedure 12(b)(6). (Doc 19.)  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

For the reasons set forth below, defendants' joint motion to dismiss is granted.

## BACKGROUND

In her amended complaint, plaintiff Briggs alleges the following. On December 10, 2019, Sean D. Parks, plaintiff's son, was arrested and confined at the St. Louis City Justice Center, operated by the defendant City through its Division of Corrections. Three days later, on December 13, 2019, at approximately 1:30 a.m., Parks was taken to St. Louis University Hospital for severe dehydration.  At approximately 9:25 a.m. on December 13, 2019, he was returned to the Justice Center.  Almost a day and a half after returning to the Justice Center from the hospital, on December 14, 2019, at approximately 6:00 p.m., a named Justice Center employee, when conducting a cell check on Parks, noticed that he was lying on the floor.  Shortly after 6:00 p.m. the employee notified a nurse on duty and

her supervisors. Emergency medical services responded and pronounced Sean Parks deceased. Plaintiff does not allege a cause of death.

Defendant Tishaura Jones is the Mayor of the City of St. Louis and defendant Jennifer Clemons-Abdullah is the City Justice Center Commissioner. Plaintiff alleges the City, Jones, and Clemons-Abdullah acted under the color of state law to deprive Sean Parks of his federal constitutional rights under the Fourth and Eighth Amendments, conspired to deprive him of those rights in order to impede and hinder the due course of justice, and caused his wrongful death. (Doc. 16.)

Plaintiff alleges claims in two counts against the City, Jones, and Clemons-Abdullah: Count 1 for wrongful death under Mo. Rev. Stat. § 537.080, with supplemental subject matter jurisdiction granted by 28 U.S.C. § 1367; and Count 2 for deprivation of federal rights under 42 U.S.C. § 1983 with subject matter jurisdiction granted by 28 U.S.C. §§ 1331 and 1343(a)(3).

## DEFENDANTS' MOTION TO DISMISS

Defendants City, Jones, and Clemons-Abdullah have moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For a complaint to overcome a Rule 12(b)(6) motion to dismiss it "must include enough facts to state a claim to relief that is plausible on its face," with more than just labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint will "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and rise above mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing pleadings under this standard, the Court must accept all the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor. *Retro Television Network, Inc. v. Liken Communications, LLC*, 696 F.3d 766, 768 (8th Cir. 2012). On the other hand, the Court is not required to accept the legal conclusions the plaintiff draws from the alleged facts. *Id.* at 768-69. Furthermore, the Court "is not required to divine the litigant's intent and create claims that are not clearly raised … and it need not conjure up

2

unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc).

## Count 1 against defendant City

Defendant City, being a political subdivision of the State of Missouri, argues it is protected by sovereign immunity from tort liability under the law of Missouri, unless waived by state law. *See* Mo. Rev. Stat. §  537.600.1.  It argues the complaint must be dismissed because plaintiff has failed to plead any of the statutory exceptions to sovereign immunity available under Mo. Rev. Stat. §§ 537.600-537.610. A federal court looks to the law of the forum state in a wrongful death claim. *Andrews v. Neer*, 253 F.3d 1052, 1056 (8th Cir. 2001). The Missouri Supreme Court stated that sovereign immunity is:

> A judicial doctrine which precludes bringing suit against the government without its consent. Founded on the ancient principle that "the King can do no wrong," it bars holding the government or its political subdivisions liable for the torts of its officers or agents unless such immunity is expressly waived by statute or by necessary inference from legislative enactment.

*Metro. St. Louis Sewer District. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. banc 2016) (quoting Black's Law Dictionary at 1396 (6th ed.1990)). "Missouri courts have recognized the common law rule of sovereign immunity since 1821. The rule is that the state [and its political subdivisions], by reason of its sovereign immunity, [are] immune from suit and cannot be sued in its own courts without its consent [or] a waiver by the state. . . ." *Metro.*, 476 S.W.3d at 921.

As sovereign immunity is the default rule in the state of Missouri, a plaintiff must plead and demonstrate an explicit exception to it. *Epps v. City of Pine Lawn*, 353 F.3d 588, 593-94 (8th Cir. 2003). These exceptions are codified in Mo. Rev. Stat. §§ 537.600-537.610. To fall under the exceptions in § 537.610, a plaintiff must "specifically plead facts demonstrating that the claim is within [an] exception to sovereign immunity." *Epps,* 353 F.3d at 594. Courts must strictly construe any statutory provisions that waive sovereign immunity. *Metro.*, 476 S.W.3d at 921-22. As such, courts "cannot read into the statute an exception to sovereign immunity or  imply  waivers  not explicitly created  in  the statute." *Id.* at 921.

3

In her second amended complaint, plaintiff fails to allege any exception to the City's sovereign immunity defense. However, in her memorandum response to the motion to dismiss, plaintiff references two statutory exceptions to the City's sovereign immunity, *i.e.* the City is insured or self-insured by a "plan duly adopted by the governing body of any political subdivision of the state." Mo. Rev. Stat. § 537.610.1. Plaintiff argues there that the City is insured or self-insured through the Public Facilities Protection Corporation ("PFPC"). (Doc. 27 at 3). "Section 537.610 allows an entity protected by sovereign immunity to waive that immunity by either purchasing insurance or by adopting a self-insurance plan for those claims." *Hendrix v. City of St. Louis*, 636 S.W.3d 889, 900 (Mo. Ct. App. 2021).[1]

In addressing a motion to dismiss, "[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). Plaintiff's memorandum filed in response to the motion to dismiss does not fall into these categories. To overcome the default rule of sovereign immunity, plaintiff must plead facts in her complaint to establish an exception. Plaintiff has failed to allege any exception to the defense of sovereign immunity in her complaint. Earlier cases, *see* footnote 1 below, indicate that the City is not self-insured. The Court will allow plaintiff an opportunity to plead whether any exception to sovereign immunity applies to defendant City in this case.

The Court grants the motion to dismiss Count 1, but without prejudice, against defendant City.

---

[1] In *Torres v. City of St. Louis*, the Eighth Circuit Court of Appeals, invoking the ruling of the Missouri Court of Appeals in *Hendrix v. City of St. Louis*, 636 S.W.3d 889, 900-01 (Mo. Ct. App. 2021), recently concluded that the City of St. Louis is not self-insured through the PFPC for negligent supervision or training claims and thus has not waived sovereign immunity for such claims. 39 F.4th 494, 509-10 (8th Cir. 2022).

### Count 2 against defendant City

Defendant City argues that plaintiff's Count 2 § 1983 claim must be dismissed for failure to state a claim under *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978). In addition, the City argues that plaintiff failed to allege facts that establish individual liability for any municipal employee and that plausibly indicate but-for causation between it and the death of Sean Parks.

*Monell* provides two routes to hold a municipality liable. The plaintiff may show that constitutional rights were violated by "action pursuant to official municipal policy" or as a result of misconduct by non-policy making employees so pervasive "as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691. To demonstrate a custom the claim must allege facts that plausibly indicate that an injury was suffered due to (1) a continuing, widespread, persistent pattern of unconstitutional conduct by the governmental entity's employees or officials; (2) that there was deliberate indifference to or tacit authorization of said conduct by policymaking officials after notice of misconduct; and (3) that the moving force behind the constitutional violation was the defendant's custom. *Ware v. Jackson Cty.*, 150 F.3d 873, 880 (8th Cir. 1998).

A persistent pattern of unconstitutional conduct covers more than a single instance or isolated instances of wrongdoing. *Harris v. City of Pagedale*, 821 F.2d 499, 508 (8th Cir. 1987). Here, plaintiff alleges that Sean Parks's death was the result of the actions and policy choices of the City and its officers, defendants Jones and Clemons-Abdullah. Plaintiff alleges that Jones and Clemons-Abdullah established the policies covering the training, supervision, direction and control of the Justice Center and the personnel working there. (Doc. 16 at ¶ 9.) She further alleges that the City's employee training practices are inadequate. (Doc. 16 at ¶ 10.) Specifically, plaintiff alleges the City failed to train employees to "treat inmates suffering from obvious medical conditions noticeable to the ordinary person" as well as failing to train them to "recognize and monitor medical emergencies relating to the inmates in their care, by delay or non-response to both urgent and debilitating conditions." (Doc. 16 at ¶ 19.)

5

*Monell* claims based on a failure to train must pass a higher bar than other *Monell* claims. *Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.") To clear this bar, the plaintiff must show that employees acted with deliberate indifference. *Id.* "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id*. (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)).

In this amended complaint, plaintiff fails to allege how the failure to train employees resulted in the constitutional violation of Sean Parks's rights or that any particular employee acted in a manner pursuant to these customs that resulted in his death. Without alleging that a particular actor had knowledge of any conditions that posed an excessive risk to Parks's health and did not act on them, plaintiff cannot show that defendants acted with deliberate indifference. *Dulany v. Caranhan,* 132 F.3d 1234, 1239 (8th Cir. 1997).

Plaintiff alleges that the defendants had notice of misconduct based on deaths of ten inmates at the Justice Center and of seven inmates at the separate City workhouse facility, over the ten years preceding Sean Parks's death, amounting to a conscious disregard and a deliberate indifference.  Plaintiff fails to allege any factually specific underlying unconstitutional conduct that led to Parks's death and to relate it to any of the other deaths at the Justice Center that she alleges put defendants on notice of a persistent pattern to which they were deliberately indifferent. She does not allege any facts such as common circumstances, conditions, unconstitutional conduct, policies, or actors that allow the Court to reasonably infer that the referenced series of deaths constitutes a pattern that put officials like Jones and Clemons-Abdullah on notice. With no common information beyond the shared location, a relevant pattern is not indicated. She does not plausibly allege that those deaths were the result of the same specifically alleged and described custom and policy that led to Sean Parks's death; thus, plaintiff's *Monell* claim is legally insufficient.

While plaintiff "need not specifically plead the unconstitutional policy or incorporate the policy's specific language into [her] complaint," plaintiff "must include allegations, references, or language by which one could begin to draw the inference that

6

the conduct of which [she] complains was the result of an unconstitutional policy or custom." *McKay v. City of St. Louis*, 4:15 CV 1315 JAR, 2016 WL 4594142, at *5 (E.D. Mo. Sept. 2, 2016). No such inference can be drawn here as plaintiff fails to allege facts that allow the Court to draw a connection between the deaths. Plaintiff's allegations fail to satisfy the pleading standards set out in *Twombly* and *Iqbal*. A claim is not sufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557.)

Similarly, plaintiff's allegations fail to show that a government policy was the moving force behind the death of Sean Parks. Plaintiff fails to allege what government actors were involved and what their specific actions were that led to his death almost a day and a half after he was returned from the hospital. Without more specific factual allegations on the cause of Park's death and the actions that government actors took or did not take that hastened that injury, plaintiff's complaint fails to show that the City government was the moving force behind the injury.

The Court grants the motion to dismiss Count 2 against defendant City.

### **Dismissal of Count 2 against defendant City with prejudice**

Defendant asks that Count 2 be dismissed with prejudice. (Doc 28. at 5). It is within the Court's discretion to dismiss a pleading for failure to state a claim with or without prejudice. *Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012). Leave to amend a complaint should be freely given to promote justice. Fed. R. Civ. P. 15(a). "We generally prefer to decide claims on their merits instead of on their pleadings." *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999). Nevertheless, dismissal with prejudice may be warranted when a further amended pleading would be futile. *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.,* 559 F.3d 772, 782 (8th Cir. 2009). A dismissal with prejudice is also appropriate when a plaintiff has shown "persistent pleading failures" despite receiving the opportunity to amend their pleading. *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438–39 (8th Cir. 1983); *see also Knowles v. TD Ameritrade Holding*

*Corp.*, 2 F.4th 751, 758 (8th 2021) (ruling dismissal with prejudice proper because plaintiff was unable to plead "adequate claims" despite multiple times to do so).

When this action was commenced on March 9, 2022, there were two plaintiffs, the current plaintiff Kimberly F. Briggs and Samuel Parks, and one defendant, the City of St. Louis. Two claims were alleged, one for negligent wrongful death under Missouri state law and one for a violation of 42 U.S.C. § 1983. On May 9, 2022, defendant City moved to dismiss Samuel Parks for lack of standing to sue. (Doc. 8.) In its supporting memorandum, the City argued that plaintiff Parks lacked standing to sue and also that the complaint failed to allege how decedent Sean Parks died, how any City employee was involved with his death other than finding his body, and what specific policy(ies) of the City were violated that led to his death. (Doc. 9 at 1.) The memorandum argued that plaintiff cannot plead facts that the City in any way caused Parks's death or violated his constitutional rights. (*Id.*) Further, the memorandum argued that the City is protected by the defense of sovereign immunity (*id.* at 4), and the complaint does not sufficiently plead a *Monell* claim because it has not identified a policy or custom of the City that caused Sean Parks's death or a violation of his constitutional rights (even with reference to the ten prisoner deaths over the past ten years in the Justice Center (*id.* at 6-7), and because it has not identified what lack of training the City employees had that resulted in Mr. Parks's death. (*Id.* at 8-12.)

Plaintiff's response to this motion to dismiss and its supporting memorandum was to file an amended complaint on May 25, 2022, Doc. 10. The amended complaint dropped Samuel Parks as a plaintiff and added as defendants Tishaura Jones, the current Mayor of the City of St. Louis, and Jennifer Clemons-Abdullah, the current Commissioner of the City Justice Center. In all other substantive matters, this amended complaint replicated the allegations of the original complaint. (Doc. 10.)

On June 2, 2022, the Rule 16 scheduling conference was held, a case management order was filed, the earlier motion to dismiss was denied as moot, and plaintiff filed the current amended complaint. (Docs. 14-17.) The current amended complaint replicates the allegations in the first amended complaint.

Regardless of whether it remains possible for plaintiff to discover a pattern of unconstitutional acts from the prior inmate deaths in the ten years that preceded Sean Parks's death, that pattern must also be alleged to have resulted in the unconstitutional acts that led to Mr. Parks's death.  It has been over two years since Mr. Parks's death and in three complaints plaintiff does not allege the immediate factual cause of his death. Granting more time to allege the cause of his death, regardless of whether it resulted from an unconstitutional pattern or policy would be futile.  Therefore, the Court dismisses plaintiff's § 1983 claim against the defendant City with prejudice.

### Counts 1 and 2 against defendants Jones and Clemons-Abdullah

Plaintiff also brings claims against defendants Jones and Clemons-Abdullah along with claims against the City. Plaintiff does not state the capacity in which she is suing defendants Jones and Clemons-Abdullah.[2] "If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 2007). A suit against government officers, like defendants Jones and Clemons-Abdullah, in their official capacities "is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "It is proper for a court to dismiss a claim against a government officer in [her] official capacity as duplicative or redundant if the claims are also asserted against the officer's governmental employer." *Caruso v. City of St. Louis*, 4:16 CV 1335 RWS, 2016 WL 6563472, at *1 (E.D. Mo. Nov. 4, 2016). As there is no difference between the claims asserted against the City and its officials Jones and Clemons-Abdullah, claims against defendants these individuals are unnecessarily redundant and duplicative.

---

[2] The Court takes judicial notice of the fact that neither Mayor Jones nor Commissioner Clemons-Abdullah were acting in their current positions at the time of Sean Parks's death. Lyda Krewson was the Mayor of St. Louis and Dale Glass was the Commissioner of Corrections at the time of Parks's death.

9

The Court grants the motion to dismiss Counts 1 and 2 against defendants Jones and Clemons-Abdullah with prejudice.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss the amended complaint **[Doc. 19] is granted** as follows:  Count 1 against the defendant City of St. Louis is dismissed without prejudice to plaintiff filing an amended complaint within 30 days of this date to allege facts that indicate a specific exception to the sovereign immunity defense; Count 2 is dismissed against the defendant City of St. Louis with prejudice; and Counts 1 and 2 are dismissed with prejudice against defendants Tishaura Jones and Jennifer Clemons-Abdullah.

                                                                                                         /s/   David D. Noce  
                                                          **UNITED STATES MAGISTRATE JUDGE**

Signed on November 1, 2022.