UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY BRIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-cv-00282-RHH |
| vs. | ) |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO JOIN A NECESSARY PARTY

COMES NOW Plaintiff, KIMBERLY BRIGGS, by and through counsel, and for her Motion to Join a Necessary Party, states to the court as follows:

1. On or about February 25, 2023, Plaintiff became aware that the City of St. Louis had entered into a contract for its jail facilities with Corizon, LLC, n/k/a Tehum Care Services, Inc. (hereinafter "Tehum"), to provide correctional healthcare to the City jail.[1]

2. Said contract provided that Tehum provide governmental entities or arrange healthcare services to inmates or detainees of the contract party.

3. These same contracts typically required Tehum to agree to ***broad indemnification requirements***. (Emphasis added).

4. The City of St. Louis, Division of Corrections Health Services Agreement (the "Agreement") was entered into November 12, 2019, between the Division of Corrections for the City of St. Louis by the Commissioner of Corrections, which provided for the healthcare for inmates. The

---

[1] Corizon, LLC was merged with and into Corizon Health, Inc. on June 27, 2022. Corizon Health, Inc., changed its name to to Tehum Care Services, Inc., on June 30, 2022. *See Exhibit 1 attached*.

agreement was approved by the Board of Estimate and Apportionment and signed by the Secretary on November 20, 2019

5.      Said Agreement not only controls healthcare for inmates, but authorizes Tehum employees to make arrangements for offsite hospital treatment.

6.      Further, said Agreement, under Article 10.1 requires that Tehum

> "provide and maintain, at its own expense, the following programs of insurance covering its operations hereunder. Such insurance will be provided by insurer(s) licensed to do business in the State of Missouri and evidence of such programs will be delivered to the City within thirty (30) days of the effective date of this agreement. Such evidence will specifically identify the agreement.
>
> a.      Workers' Compensation Insurance as required by the State of Missouri.
> b.      Professional liability in the amount of $1,000,000 per occurrence and $3,000,000 in aggregate, with the City named as additional insured. If "claims made" is provided, continuing liability coverage of at least five (5) years must be in force.
> c.      General Liability and Personal Injury Insurance up to $5,000,000 with the City named as additional insured."

7.      Said Agreement, under Article 10.2, also requires that Tehum

> ". . . defend and indemnify the City, its officials, agents and employees against any and all claims, liens, demands or suits relating to the provision of services under this agreement.. . .".

8.      Further, pursuant to the agreement, under Article 10.3, Tehum was required to provide a performance bond equal to 20% of the total value of the contract.

9.      The Agreement was in full force and effect on the date death of Sean Parks, the decedent who is the subject of this litigation who died while in custody of Defendants on December 14, 2019.

10.     The obligation of Defendants to disclose the existence of this Agreement to Plaintiff was required pursuant to Fed. R. Civ. P. 26.

11.     Rule 26 provides for a number of required disclosures to be made without awaiting a discovery request and at the time of or within 14 days after the parties' Rule 26(f) conference.

12.     Rule 26(a) provides for the specific disclosure, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court . . ."

> "(I) the name and, if known, the address and telephone number of each individual likely to have discoverable information . . .;
>
> . . .
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

13.     Here, Defendants had an affirmative duty to disclose the existence of this Agreement, its insurance requirements, and its indemnification provision, but failed to do so.

14.     Further, Defendants have maintained, unabashedly, that the City does not have insurance to cover the losses described in Plaintiff's complaint. This position, and the information provided to this court, is blatantly inaccurate and has resulted in countless hours of expense on the part of Plaintiff defending a proposition asserted by Defendants which is patently false and untrue.

15.     The duty of Defendants to provide this information is clear and the City's failure and refusal to provide this information represents conduct that should be the subject of an award of attorney's fees and an entry of an order for sanctions.

16.    In the absence of Defendants complying with their duty to Plaintiff and to this court, Plaintiff would not have known this information but for the fact that Tehum send Plaintiff's counsel a notice of bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code.

17.    This failure to disclose on the part of Defendants goes to the heart of issues relating to sovereign immunity and further supports Plaintiff's Second Amended Complaint filed November 29, 2022.

18.    The joinder of Corizon, LLC, n/k/a Tehum Care Services, Inc., is necessary for a just adjudication of this matter.

19.    The addition of this party is essential and, therefore, the scheduling order proposed by the parties adopted by the court should be set aside and/or vacated and the court should enter an appropriate case management schedule in light of this information and the joinder of a party.

WHEREFORE, Plaintiff prays for an order of this court authorizing the joinder of a necessary party, Corizon, LLC, n/k/a Tehum Care Services, Inc., for an award of attorney's fees associated with the preparation of this motion and the litigation expenses incurred based on the absence of Defendants to provide information pursuant to Fed. R. Civ. P Rule 26, and for such other and further orders the court deems just and proper in the premises.

LAW OFFICE OF NATHAN S. COHEN


By:    /s/ Nathan S. Cohen
       Nathan S. Cohen, #36072
       Attorney for Plaintiff
       210 South Bemiston Avenue
       St. Louis, MO 63105
       (314) 727-6088 - Telephone
       (314) 727-6081 - Facsimile
       nathan@nathanscohen.com

4

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true copy of the foregoing was electronically filed on April 3, 2026, with the Clerk of the United States District Court, Eastern District of Missouri, by using the CM/ECF filing system, and that participants in the case who are registered users will be served by the system.

/s/ Nathan S. Cohen